PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE M. CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
PATTY BERNE

*Defendants' counsel listed after the caption*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTY BERNE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SKATES ON THE BAY;<br>RESTAURANTS UNLIMITED, INC.<br>dba SKATES ON THE BAY; CITY OF<br>BERKELEY; and DOES 1-10,<br>Inclusive,<br><br>　　　　　Defendants. | Case No. C10-5335 PJH<br><br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF AND DAMAGES ONLY** |

MARK S. ASKANAS, Esq. (SBN 122745)
DYLAN B. CARP, Esq. (SBN 209443)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: 415/394-9400
Facsimile: 415/394-9401
askanasm@jacksonlewis.com
carpd@jacksonlewis.com

Attorneys for Defendants
SKATES ON THE BAY and RESTAURANTS
UNLIMITED, INC. dba SKATES ON THE BAY

ZACH COWAN, City Attorney (SBN 96372)
MARK J. ZEMBSCH, Deputy City Attorney (SBN 127901)
2180 Milvia Street, Fourth Floor

- 2 -

Berkeley, CA 94704
Telephone: 510/981-6998
Facsimile: 510/981-6960
mzembsch@ci.berkeley.ca.us

Attorneys for Defendant
CITY OF BERKELEY

PETER J. LINN, Esq. (SBN 178697)
BISHOP-BARRY-DRATH
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA 94608
Telephone: 510/596-0888
Facsimile: 510/596-0899
plinn@bishop-barry.com

Attorneys for Defendant
CITY OF BERKELEY

1. Plaintiff PATTY BERNE filed a Complaint in this action on November 24, 2010, to obtain recovery of damages for her alleged discriminatory experiences, alleged denial of access, and alleged denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants SKATES ON THE BAY; RESTAURANTS UNLIMITED, INC. dba SKATES ON THE BAY; CITY OF BERKELEY; and DOES 1-10, INCLUSIVE (together sometimes "Defendants"), relating to the condition of Defendants' public accommodations as of September 27, 2010, and allegedly continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 100 Seawall Drive, Berkeley, California (sometimes the "Restaurant").

Defendants have filed Answers denying liability and asserted Affirmative Defenses.

2. Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief and damages aspects of this lawsuit without the need for protracted litigation. Defendants' sole purpose in entering into this Consent Decree is to help resolve this action without protracted litigation and expense. Defendants deny any violations, fault, or liability, including liability for any claimed fees or expenses. The reference or lack of reference in this Consent Decree to any claims in the report of Plaintiff's consultant shall not constitute evidence of the validity or invalidity of such claims. The Parties agree that the liability for all claims alleged in the Complaint is denied by Defendants.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

- 3 -

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief and damages raised or which could have been raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief and damages.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

6. The Parties agree and stipulate that the required work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), unless other standards are specifically agreed to in this Consent Decree and Order. In any instance(s) where

Title 24-2 and ADAAG conflict, the Parties agree that the more strict regulation (i.e. that providing more access) shall apply.

a) **Required Work (SKATES ON THE BAY and RESTAURANTS UNLIMITED, INC. dba SKATES ON THE BAY):** The required work agreed upon by Defendants SKATES ON THE BAY and RESTAURANTS UNLIMITED, INC. dba SKATES ON THE BAY is described in the report of Barry Atwood to be completed by SKATES ON THE BAY and RESTAURANTS UNLIMITED, INC. dba SKATES ON THE BAY, attached hereto as **Attachment A**, Items 2.1.1, 2.1.2, 2.1.3, 2.1.4, 2.1.5, 2.1.6, 2.2.1, 2.2.2, 2.2.3, 2.2.4, 2.2.5, 2.3.1, 2.3.2, 2.3.4, 2.3.5, 2.4.1, 2.5.1, 2.5.2, 2.7.1, 2.7.2, 2.7.4, 2.7.5, 2.8.1, 2.9.1, 2.10.4, 2.10.5, 2.10.6, 2.10.8, 2.10.9, 2.10.10, 2.10.11, 2.10.12, 2.10.13, 2.10.15, 2.10.18, 2.10.19, 2.11.1, 2.11.2, 2.11.3, 2.11.4, 2.11.5, 2.11.6, 2.11.7, 2.11.9, 2.11.10, 2.11.11, and 2.11.12.

Defendants SKATES ON THE BAY and RESTAURANTS UNLIMITED, INC. dba SKATES ON THE BAY also agree to conduct regular training for all of its employees regarding how to recognize and accommodate the needs of persons with physical disabilities, including without limitation, maintaining accessible paths of travel within the Restaurant.

b) **Required Work (CITY OF BERKELEY):** The required work agreed upon by Defendant CITY OF BERKELEY includes the

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C10-5335 PJH
S:\CASES\S\SKATES\PLEADINGS\Consent Decree\Berne Consent Decree & Order 20120215 Revisions (FINAL).doc

following:

    i)    Restripe the parking lot to include six (6) ADA compliant handicap accessible parking spaces, 2 to be van-accessible;

    ii)    Create a new/resurfaced ADA compliant accessible route from the new handicap spaces to and through the planter area immediately west of the parking lot;

    iii)    Resurface the pedestrian walkway that crosses the street located between east parking lot and the curb of the Restaurant so as to be an ADA accessible route;

    iv)    Increase the size of the ramp at the curb of the restaurant to meet current ADA size and slope requirements; and

    v)    The two spaces to the north of the Restaurant have been substantially modified by the CITY OF BERKELEY to be ADA compliant, including one van accessible space.

    c)    **Timing of Required Work:**    Defendants SKATES ON THE BAY and RESTAURANTS UNLIMITED, INC. dba SKATES ON THE

- 6 -

BAY will complete the work described above in paragraph 6.a. by May 1, 2012. Defendant CITY OF BEREKELY will complete the work described above in paragraph 6.b. by July 30, 2012.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon required work, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay.  Defendants or their counsel will notify Plaintiff's counsel when the required work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree and every 60 days thereafter until the work is completed.

    d) Defendants will make reasonable good faith efforts to obtain permits and authorizations that may be required under local law, ordinance, or other applicable law in order to accomplish the modifications required under this Order.  If a city or other applicable state or local authority does not provide the permits or authorizations in a timely manner, and such delay impacts Defendants' ability to make any of the modifications set forth in the Order within any of the time periods set forth herein, the applicable time period(s) for Defendants to make the modification(s) at issue shall be automatically extended by the period of the delay.

    e) Defendants agree to maintain the accessibility of all features of the subject premises pursuant to state and federal law.

- 7 -

7. Plaintiff, for herself and her heirs, successors, and anyone else who may purport to have an interest by and through Plaintiff, further agree that no claim will be made in the future for equitable or monetary relief or remedial measures to be undertaken as a result of any alleged discrimination and/or other wrongful conduct by Defendants related to the allegations in Plaintiff's Complaint in this case, and releases each of the Released Parties from any such equitable or monetary relief claims arising out of Plaintiff's visit to the subject premises from the beginning of time to the date that this agreement is executed by Plaintiff.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

8. The parties have also reached an agreement regarding Plaintiff's claims for damages. Defendants shall pay to Plaintiff a total of twenty-five thousand, five hundred dollars and no cents ($25,500.00) for Plaintiff's alleged damages for emotional distress and civil rights violations, with payment to be made to "PAUL L. REIN IN TRUST FOR PATTY BERNE." Defendants agree to deliver full payment of Plaintiff's $25,500 damages to the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612 within 30 days after they receive this Consent Decree signed by Plaintiff and her counsel. The parties have not resolved Plaintiff's claims for attorney fees, litigation expenses, and costs. These issues will be the subject of further negotiation and/or litigation. The parties

jointly stipulate and request that the Court not dismiss the case, as these significant issues remain unresolved.

**ENTIRE CONSENT DECREE AND ORDER:**

9. This Consent Decree and Order constitute the entire agreement between Plaintiff on the one hand, and Defendants on the other hand, on the matters of injunctive relief and damages only. The issues of attorney fees, litigation expenses, and costs are specifically excluded and shall be the subject of further negotiation and/or litigation. No other statement, promise or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order shall be enforceable regarding the matters of injunctive relief or damages described herein as between Plaintiff on the one hand and Defendants on the other hand. This paragraph does not apply to Defendants vis-à-vis each other.

10. This Consent Decree is executed without reliance upon representation by either the Parties or any of their representatives.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

11. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors in interest. Defendants have a duty to so notify all

- 9 -

such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF AND DAMAGES ONLY:**

12.  Plaintiff understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, she will incur, suffer or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed.  Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss by Plaintiff with respect to the lawsuit, except those caused by Defendants subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by Plaintiff with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**

- 10 -

CONSENT DECREE & ORDER AS TO INJUNCTIVE RELIEF ONLY
Case No. C10-5335 PJH
S:\CASES\S\SKATES\PLEADINGS\Consent Decree\Berne Consent Decree & Order 20120215 Revisions (FINAL).doc

**WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief and damages aspects of this action only and does not include resolution of Plaintiff's claims for attorney fees, litigation expenses and costs.

13. Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for attorney fees, litigation expenses and costs -- Plaintiff on behalf of her agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges Defendants and all their officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit. The Restaurant and the City do not waive or release, but instead explicitly preserves, their right to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this Lawsuit and settlement thereof.

- 11 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C10-5335 PJH
S:\CASES\S\SKATES\PLEADINGS\Consent Decree\Berne Consent Decree & Order 20120215 Revisions (FINAL).doc

## TERM OF THE CONSENT DECREE AND ORDER:

14. This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for twenty-four (24) months after the date of entry of this Consent Decree and Order by the Court, or until the required work contemplated by this Order is completed and payment for attorney fees, litigation expenses and costs is made in full, whichever occurs later.

## SEVERABILITY:

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent

- 12 -

Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**MISCELLANEOUS:**

17. Each of the Parties agrees to execute any and all documents necessary to carry out the terms and provisions of this Consent Decree.

18. Each of the Parties has carefully read each and every term of this Consent Decree and has received advice of counsel as to the nature and extent of each of the terms and provisions hereof.

19. Plaintiff and Plaintiff's Counsel warrant that Plaintiff is not a Medicare beneficiary as of the date of this release and therefore no conditional payments have been made by Medicare. Plaintiff will indemnify, defend and hold Defendants and Chartis harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown.

20. This settlement is based upon a good faith determination of the parties to resolve a disputed claim. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The parties resolved this matter in compliance with both state and federal law. The parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C10-5335 PJH
S:\CASES\S\SKATES\PLEADINGS\Consent Decree\Berne Consent Decree & Order 20120215 Revisions (FINAL).doc

**NOTICE AND OPPORTUNITY TO CURE:**

21. In the event Plaintiff believes any Defendant has not complied with any term of this Consent Decree, Plaintiff's counsel will so inform Defendant by providing a detailed, written explanation of the alleged non-compliance of this Agreement. Notice to Defendant SKATES ON THE BAY; RESTAURANTS UNLIMITED, INC. dba SKATES ON THE BAY shall be given to Vicki Medak, Vice President of Human Resources, Restaurants Unlimited, Inc., 411 First Ave S. Suite 200, Seattle, WA 98104. Notice to Defendant CITY OF BERKELEY shall be given to Mark J. Zembsch, Esq., Berkeley City Attorney's Office, 2180 Milvia Street, Fourth Floor, Berkeley, CA 94704. Defendants shall thereafter have sixty (60) days to cure the alleged non-compliance of this Agreement. If Plaintiff still believes Defendant is in non-compliance, Plaintiff and Defendant shall meet and confer in good faith to try to resolve the dispute. If the meet and confer is unable to resolved the dispute, Plaintiff may seek Court enforcement of the terms and conditions of the Agreement regarding the issue or issues under such dispute. Plaintiff's ability to enforce the Consent Decree shall expire at 24 months after the date of entry of the Consent Decree by the Court.

**END OF PAGE.**

**SIGNATURES CONTINUE ON THE NEXT PAGE**

**AND ORDER IS AT THE END OF THE DOCUMENT.**

- 14 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C10-5335 PJH
S:\CASES\S\SKATES\PLEADINGS\Consent Decree\Berne Consent Decree & Order 20120215 Revisions (FINAL).doc

Dated: February 22, 2012   PLAINTIFF PATTY BERNE

*Patricia A. Berne*
*Patty Berne*

PATTY BERNE

Dated: February ___, 2012   DEFENDANT SKATES ON THE BAY

By: _____
Print name: _____
Title: _____

Dated: February ___, 2012   DEFENDANT RESTAURANTS UNLIMITED, INC. dba SKATES ON THE BAY

By: _____
Print name: _____
Title: _____

Dated: ~~February~~ *March 29* ___, 2012   DEFENDANT CITY OF BERKELEY

By: *Christine Del* (signature)
Print name: *Christine Daniel*
Title: *Interim City Manager*

//
//

- 15 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C10-5335 PJH
S:\CASES\S\SKATES\PLEADINGS\Consent Decree\Berne Consent Decree & Order 20120213 Revisions (FINAL).doc

Dated: February 22, 2012     PLAINTIFF PATTY BERNE

*Patricia A. Berne*
*Patty Berne*

PATTY BERNE

Dated: February 22, 2012     DEFENDANT SKATES ON THE BAY

By: *Vicki L. Medell*
Print name: Vicki L. Medell
Title: Vice President Human Resources

Dated: February 22, 2012     DEFENDANT RESTAURANTS UNLIMITED, INC. dba SKATES ON THE BAY

By: *[signature]*
Print name: Tim Mullany
Title: CFO

Dated: February ___, 2012     DEFENDANT CITY OF BERKELEY

By: _____
Print name: _____
Title: _____

//
//

- 15 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C10-5335 PJH
S:\CASES\S\SKATES\PLEADINGS\Consent Decree\Berne Consent Decree & Order 20120213 Revisions (FINAL).doc

APPROVED AS TO FORM:

Dated: February 22, 2012          LAW OFFICES OF PAUL L. REIN

                                  [signature]

                                  By: PAUL L. REIN, Esq.
                                  Attorneys for Plaintiff
                                  PATTY BERNE

Dated: ~~February~~ March 29, 2012   BERKELEY CITY ATTORNEY

                                  [signature]

                                  By MARK J. ZEMBSCH
                                  Attorneys for Defendant
                                  CITY OF BERKELEY

Dated: February ___, 2012         BISHOP BARRY DRATH


                                  By PETER J. LINN
                                  Attorneys for Defendant
                                  CITY OF BERKELEY

Dated: February ___, 2012         JACKSON LEWIS LLP


                                  By DYLAN CARP
                                  Attorneys for Defendants
                                  SKATES ON THE BAY and
                                  RESTAURANTS UNLIMITED, INC. dba
                                  SKATES ON THE BAY

- 16 -

CONSENT DECREE & ORDER AS
TO INJUNCTIVE RELIEF ONLY
Case No. C10-5335 PJH
S:\CASES\S\SKATES\PLEADINGS\Consent Decree\Berne Consent Decree & Order 20120213 Revisions (FINAL).doc

APPROVED AS TO FORM:

Dated: February 22, 2012      LAW OFFICES OF PAUL L. REIN

By: PAUL L. REIN, Esq.
Attorneys for Plaintiff
PATTY BERNE

Dated: ~~February~~ March 29, 2012      BERKELEY CITY ATTORNEY

By MARK J. ZEMBSCH
Attorneys for Defendant
CITY OF BERKELEY

Dated: ~~February~~ MARCH 30, 2012      BISHOP BARRY DRATH

By PETER J. LINN
Attorneys for Defendant
CITY OF BERKELEY

Dated: February ___, 2012      JACKSON LEWIS LLP


By DYLAN CARP
Attorneys for Defendants
SKATES ON THE BAY and
RESTAURANTS UNLIMITED, INC. dba
SKATES ON THE BAY

- 16 -

APPROVED AS TO FORM:

Dated: February 22, 2012           LAW OFFICES OF PAUL L. REIN

*[signature]*

By: PAUL L. REIN, Esq.
Attorneys for Plaintiff
PATTY BERNE

Dated: February ___, 2012          BERKELEY CITY ATTORNEY

By MARK J. ZEMBSCH
Attorneys for Defendant
CITY OF BERKELEY

Dated: February ___, 2012          BISHOP BARRY DRATH

By PETER J. LINN
Attorneys for Defendant
CITY OF BERKELEY

Dated: February 22, 2012           JACKSON LEWIS LLP

*[signature]*

By DYLAN CARP
Attorneys for Defendants
SKATES ON THE BAY and
RESTAURANTS UNLIMITED, INC. dba
SKATES ON THE BAY

- 16 -

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: March 30, 2012



Honorable PHYLLIS J. HAMILTON
United States District Judge

---